UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| ROBERT A. WOLTER, | : | |
| | : | Case No. 2:20-cv-20341 (BRM) (LDW) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| MICHAEL R. LOVETT, et al., | : | |
| | : | |
| Defendants. | : | |

Before the Court is Plaintiff *pro se* prisoner Robert A. Wolter's ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 1, "Compl.") Based on his affidavit of indigence (ECF 1-1), the Court previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint. (ECF No. 4.)

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

**I. BACKGROUND**

According to the Complaint,[1] on February 6, 2019, defendant agent Michael R. Lovett falsely arrested Plaintiff without a warrant at a local hospital near the Newark, NJ airport. (Compl.

---

[1] The factual allegations are taken from the Complaint and are accepted as true for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

at 3.) Charges of bulk cash smuggling were later brough against Plaintiff. (*Id.*) Those charges related to an incident that occurred on February 5, 2019. (*Id.*)

Plaintiff alleges the prosecutor selectively prosecuted Plaintiff. (*Id.*) Plaintiff argues at the time of the incident there were "many more people of a different race and national origin who were not arrested or charged." (*Id.*) Plaintiff alleges he was maliciously prosecuted; he was charged only for the purpose of holding him for further investigation into a separate incident in North Dakota. (*Id.*) Plaintiff alleges false imprisonment in the Essex County Jail from February 5, 2019 to around July 13, 2020. (*Id.*)

Plaintiff is seeking monetary relief. (*Id.* at 4.)

## II. LEGAL STANDARDS

### A. Standard for a Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To

survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

#### A. False Arrest/Imprisonment

Plaintiff alleges a claim of false arrest against Defendant agent Lovett.

3

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. *See Berg v. Cnty of Allegheny*, 219 F.3d 261, 268–69 (3d Cir. 2000) (collecting cases); *see also Albright v. Oliver*, 510 U.S. 266, 274 (1994) (finding that a § 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures). To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) and *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)).

A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst,* 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman,* 47 F.3d at 636). Therefore, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office,* No. 11–3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman,* 47 F.3d at 636).

Plaintiff's only allegation regarding this claim is that Defendant Lovett falsely arrested Plaintiff without a warrant. (Compl. at 3.) Plaintiff provides no facts about the crime for which he was arrested or the circumstances surrounding his arrest, other than to identify the charge. The entire basis for his false arrest claim appears to be Plaintiff was arrested without a warrant.

4

As the Court of Appeals for the Third Circuit observed:

> Whether that [warrantless] arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it-whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

*United States v. Kithcart*, 134 F.3d 529, 531 (3d Cir. 1998) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)); *see also Mosley v. Wilson*, 102 F.3d 85, 94-95 (3d Cir. 1996).

Given the minimal amount of information provided by Plaintiff, it is impossible for this Court to find that Plaintiff has properly alleged that Defendant Lovett lacked probable cause to arrest him. Due to the lack of facts provided by Plaintiff regarding probable cause, the Court finds that Plaintiff has failed to allege a claim for false arrest/false imprisonment at this time, and the claim is **DISMISSED WITHOUT PREJUDICE**. *See Fowler*, 578 F.3d at 210; *Iqbal*, 556 at 678.

### B. Malicious Prosecution

Plaintiff alleges a claim of malicious prosecution generally. Plaintiff fails to state which defendants against whom he is raising the claim.

Malicious prosecution claims raised pursuant to § 1983 arise out of the protections enshrined in the Fourth Amendment. *Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014). To state a claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Id.* (internal citations omitted). That the criminal proceedings terminated in Plaintiff's favor is a requirement for bringing a malicious prosecution claim. *Id.* Indeed, a cause of action for malicious prosecution does not accrue, and the statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

Plaintiff makes a vague and conclusory argument that the prosecutor maliciously prosecuted Plaintiff in order to hold him for further investigation into an unrelated matter. (Compl. at 3.) Plaintiff fails to allege any facts to show that any criminal proceeding related to his arrest ended in Plaintiff's favor. Plaintiff fails to meet all the required elements to state a claim for malicious prosecution at this time. *Halsey*, 750 F.3d at 296–97. As a result, this claim is **DISMISSED WITHOUT PREJUDICE**.

### C. Selective Prosecution

Petitioner generally raises a claim for selective prosecution. Plaintiff claims he was selectively prosecuted because there were other individuals at the airport, where the incident for which he was arrested took place, of different race and national origin who were not arrested or charged. (Compl. at 3.)

"To establish a claim of selective prosecution, [a plaintiff] must demonstrate two factors[:] . . . he must provide evidence that persons similarly situated have not been prosecuted," and "he must show that the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor, or that the prosecution was intended to prevent his exercise of a fundamental right." *U.S. v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989). Here, Plaintiff makes only a conclusory allegation that he was charged even though there were other individuals around of different races. Plaintiff offers no facts regarding his race or how other individuals were similarly situated to him. There are no alleged to show the decision to prosecute him was made

on the basis of his race or national origin. Plaintiff also does not name a defendant in this claim. Plaintiff has failed to allege sufficient facts to state a claim for relief; thus, this claim is dismissed without prejudice. *See Iqbal*, 556 U.S. at 678.

### D. Defendants Tracey Anne Agnew and James Michael Donnelly

Plaintiff names defendants Tracey Anne Agnew and James Michael Donnelly as defendants in this case. However, Plaintiff fails to allege any facts or claims against these defendants in the body of the Complaint. Any claims against defendants Tracey Anne Agnew and James Michael Donnelly are **DISMISSED WITHOUT PREJUDICE** because Plaintiff does not allege facts to suggest these defendants had any involvement with the claims alleged in Plaintiff's Complaint. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs.").

### IV. CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Because it is conceivable Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint. An appropriate order follows.

Dated: October 5, 2021

/s/ Brian R. Martinotti
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE