UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT A. WOLTER, | : |
|             Plaintiff, | :    Civil Action No. 20-20341 (BRM) (LDW) |
| v. | :    **MEMORADUM OPINION** |
| MICHAEL R. LOVETT, et al., | : |
|             Defendants. | : |

Before the Court is Plaintiff *pro se* prisoner Robert A. Wolter's ("Plaintiff") civil rights second amended complaint ("Second Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 13.) The gravamen of his Second Amended Complaint is that he was selectively and maliciously prosecuted. (*See id.*)

On October 5, 2021, after granting Plaintiff's application to proceed *in forma pauperis*, the court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 9.) The Court dismissed the Complaint without prejudice for failure to state a claim for relief and permitted Plaintiff to file an Amended Complaint if he could cure the deficiencies in his claims. (*Id.*)

On October 22, 2021, Plaintiff filed a letter with proposed amendments to his Complaint. (ECF No. 11.) On November 8, 2021, the Court denied Plaintiff's request to amend his Complaint finding Plaintiff failed to file one all-inclusive amended complaint. (*See* ECF No. 12.) The Court permitted Plaintiff to file a second all-inclusive amended complaint. (*Id.*)

Plaintiff's Second Amended Complaint was docketed on December 14, 2021 and raises claims against Defendants Tracey Anne Agnew and James Michael Donnelly. (*See* ECF No. 13.) Plaintiff alleges on February 7, 2019, he was prosecuted for Bulk Cash Smuggling, for an incident

that occurred on February 5, 2019 at Newark International Airport. (*See id.* at 8.) Plaintiff claims he was accused of possessing "about ten thousand five hundred dollars [] of undeclared cash." (*Id.*) Plaintiff submits on February 5, 2019, he was "about to board a flight to a West African city called Togo, which would have taken [him] to Ghana, Africa, when airport police conducted a border check search." (*Id.*) Plaintiff claims that in that part of the world business is done in cash, so "it is common for people boarding flights to this part of the world to be carrying large amounts of cash, this is often undeclared, in their carry-on bags." (*Id.* at 8-9.) The Second Amended Complaint submits there were many passengers with more than ten-thousand-dollars of undeclared cash, but Plaintiff was the only one who was white and American. (*Id.* at 9.) It is alleged that although there were other passengers with undeclared cash, Plaintiff and "possibly one other passenger" were the only ones indicted and prosecuted for bulk cash smuggling. (*Id.*) Plaintiff alleges Defendants Tracey Anne Agnew and James Michael Donnelly were the prosecutors who prosecuted him "for [his] 'race' being Caucasian, and for [his] 'national origin being from the United States.'" (*Id.*)

The Court construes Plaintiff to assert claims pursuant to 42 U.S.C. § 1983 against Defendants Tracey Anne Agnew and James Michael Donnelly for malicious prosecution and selective prosecution. As explained in the Court's prior Opinion, to state a Fourth Amendment claim for malicious prosecution, a plaintiff must allege the following elements:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [the plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered [a] deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Halsey v. Pfeiffer*, 750 F.3d 273, 296–97 (3d Cir. 2014) (internal citations omitted). That the criminal proceedings terminated in Plaintiff's favor is a requirement for bringing a malicious prosecution claim. *Id.* Indeed, a cause of action for malicious prosecution does not accrue, and the

2

statute of limitations does not begin to run, until the plaintiff has received a favorable termination. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

Plaintiff again fails to state a claim for malicious prosecution for which relief can be granted. Plaintiff fails to allege any facts to show that a criminal prosecution related to bulk cash smuggling ended in Plaintiff's favor. Plaintiff fails to meet all of the required elements to state a claim for malicious prosecution at this time. *Halsey*, 750 F.3d at 296–97. As a result, this claim is dismissed without prejudice.

Plaintiff's claims against Defendants Tracey Anne Agnew and James Michael Donnelly for selective prosecution and malicious prosecution must also be dismissed because the Defendants are entitled to absolute immunity. Plaintiff alleges Defendants Agnew and Donnelly were the prosecutors who prosecuted him "for [his] 'race' being Caucasian, and for [his] 'national origin being from the United States.'" (ECF No. 13 at 9.)

Under federal law, prosecutors have absolute immunity from civil liability for their conduct in their role as prosecutors. *See Newsome v. City of Newark*, No. 13–CV–06234 CCC, 2014 WL 4798783, at *2 (D.N.J. Sept. 25, 2014) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427–28 (1976)). Absolute immunity is afforded to prosecutors for acts "intimately associated with the judicial phase of the criminal process," such as initiating and prosecuting a criminal case. *Imbler*, 424 U.S. at 430–31. This immunity extends to any acts the prosecutor undertakes "as the state's 'advocate,'" *Yarris v. County of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006), and is not defeated by allegations that the prosecutor acted in bad faith, *see Ernst v. Child & Youth Servs.*, 108 F.3d 486, 502 (3d Cir. 1997).

Plaintiff alleges that Defendants Agnew and Donnelly prosecuted him based on his race and national origin. The only allegations in the Second Amended Complaint involve the

3

Defendants prosecution of Plaintiff. Consequently, based on the facts alleged in the Second Amended Complaint, Defendants Agnew and Donnelly are entitled to immunity and Plaintiff's selective and malicious prosecution claims against them are dismissed without prejudice. *Accord Richards v. Pennsylvania*, 196 F. App'x 82 (3d Cir. 2006) (holding that absolute immunity barred arrestee's civil rights claims against district attorney for, inter alia, malicious and selective prosecution).

For the reasons explained in this Memorandum Opinion, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 in the Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B).[1] Plaintiff is provided leave to submit a Third Amended Complaint against Defendants Agnew and Donnelly if he can cure the deficiencies noted herein. An appropriate order follows.

Dated:  January 3, 2022

>        */s/ Brian R. Martinotti*
>        **HON. BRIAN R. MARTINOTTI**
>        UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's Second Amended Complaint does not reassert his previously raised false arrest/false imprisonment claims against Defendant Michael Lovett. As such, the Court does not address those previously dismissed claims.