<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ROBERT A. WOLTER, | : | |
| Plaintiff, | : | Civil Action No. 20-20341 (BRM) (LDW) |
| v. | : | **MEMORADUM OPINION** |
| MICHAEL R. LOVETT, et al., | : | |
| Defendants. | : | |

Before the Court is Plaintiff *pro se* prisoner Robert A. Wolter's ("Plaintiff") civil rights third amended complaint ("Third Amended Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 16.) The gravamen of his Third Amended Complaint is that he was arrested without probable cause. (*See id.*)

On October 5, 2021, after granting Plaintiff's application to proceed *in forma pauperis*, the court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 9.) As relevant here, the Court dismissed the claims against Defendant agent Michael Lovett without prejudice for failure to state a claim for relief and permitted Plaintiff to file an Amended Complaint if he could cure the deficiencies in his claim against Defendant Lovett. (*Id.*)

On October 22, 2021, Plaintiff filed a letter with proposed amendments to his Complaint. (ECF No. 11.) On November 8, 2021, the Court denied Plaintiff's request to amend his Complaint, finding Plaintiff failed to file one all-inclusive amended complaint. (*See* ECF No. 12.) The Court permitted Plaintiff to file a second all-inclusive amended complaint. (*Id.*)

Plaintiff's Second Amended Complaint was docketed on December 14, 2021. (ECF No. 13.) Plaintiff raised claims against Tracey Anne Agnew and James Michael Donnelly. (*Id.*) On

January 3, 2022, the Court dismissed the Second Amended Complaint for failing to state a claim upon which relief could be granted. (ECF No. 14.) The Court provided Plaintiff with leave to file a Third Amended Complaint against Defendants Agnew and Donnelly if he could cure the deficiencies noted by the Court. (*Id.*)

On February 15, 2020, Plaintiff filed a letter to amend his Second Amended Complaint and attached a Third Amended Complaint. (ECF No. 16.) Plaintiff's Third Amended Complaint names Michael R. Lovett and the Federal Bureau of Investigations ("F.B.I.") as Defendants. (*Id.*)

Plaintiff alleges on February 5, 2019 he was detained for three hours at Newark Liberty International Airport by airport law enforcement during a border check search. (*Id.*, at 2.) Plaintiff submits the following:

> At issue was [Plaintiff] possessing around $10,600 of undeclared cash while crossing an international border. Before the search [Plaintiff] told the law enforcement [he] thought [he] had around $6,000 of case in one bag, but that [he] did [not] know the exact amount, [he] then signed a form stating that [he] had $6,000. Law enforcement then searched both [of Plaintiff's] carry-on bags and [his] wallet. In [Plaintiff's] original "one bag" it seemed there was around $6,000, in [his] second carry-on bag it seemed there was about $4,000, and [his] wallet there was around $300 to $600. [Plaintiff] made it clear that [he] did not know about the money in [his] "second carry-on bag" and that [he] was not aware [they] were also going to count the few hundred dollars in [his] wallet. Airport law enforcement on scene then determine that sufficient probable cause to arrest [Plaintiff] did not exist, presumably because one essen[t]ial element of the crime of Bulk Cash Smuggling is that you must "knowingly" possess more than $10,000, and multiple facts indicated that [he] did not know that [he] was possessing more than $10,000.

(*Id.*)

Plaintiff submits on February 6, 2019, Defendant Lovett, in his capacity working for the F.B.I, questioned Plaintiff and gained no new evidence. (*Id.*, at 3.) Plaintiff only spoke with Defendant Lovett for about five minutes regarding the "details from the day before," and "refused

to repeat himself. (*Id.*) Plaintiff submits he told Defendant Lovett that he did not "knowingly" possess more than $10,000.00. (*Id.*) Plaintiff submits that he told Defendant Lovett that he signed at paper at the ticket booth and boarding gate stating he only had $6,000.00. (*Id.*) Plaintiff was then "falsely arrested by [Defendant] Lovett, without an arrest warrant" and "taken to an underground FBI interrogation room where [he] refused to speak further on anything concerning the day before." (*Id.*, at 4.) He was then transferred and held overnight until his "bulk cash smuggling arraignment." (*Id.*)

Plaintiff's Third Amended Complaint states he was falsely imprisoned for nearly three years and his bulk cash smuggling charge was dismissed and never fully prosecuted. (*Id.*, at 5.) However, the next sentence in the Third Amended Complaint submits that Plaintiff was held for at least one year on that charge. (*Id.*)

The Court again construes Plaintiff to assert claims pursuant to 42 U.S.C. § 1983 against Defendant Lovett in his personal capacity for false arrest and false imprisonment. As explained in the Court's prior Opinion, to state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995) and *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)).

As the Court of Appeals for the Third Circuit observed:

3

> Whether that [warrantless] arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it-whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

*United States v. Kithcart*, 134 F.3d 529, 531 (3d Cir. 1998) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)); *see also Mosley v. Wilson*, 102 F.3d 85, 94-95 (3d Cir. 1996).

A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman*, 47 F.3d at 636). Therefore, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, No. 11–3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman*, 47 F.3d at 636).

Plaintiff again fails to state a claim for false arrest/false imprisonment for which relief can be granted. Plaintiff alleges only that on February 5, 2019, "airport police" found there was no probable cause to arrest Plaintiff because he stated that he did not "know about the [$4,000.00] in [his] second carry-on bag." (ECF No. 16, at 2.) Plaintiff admits that he informed law enforcement that he only had $6,000.00 and signed documents at both the ticket booth and the boarding gate stating the same. (*Id.*, at 3.) However, Plaintiff alleges he did not "know" about the $4,000.00 in his second carry-on or that they would search is wallet and find the additional money. (*Id.*) Plaintiff further alleges that because he did not "know" about the additional $4,000.00 in his possession, he did not "knowingly" possess more than $10,000.00. (*Id.*, at 3-4.) Therefore, according to Plaintiff, Defendant Lovett lacked probable cause to arrest Plaintiff.

The Court disagrees. Based on the information provided in Plaintiff's Third Amended Complaint the Court finds the facts pled by Plaintiff show Defendant Lovett had probable cause

4

to arrest him. Based on Plaintiff's own admissions he signed two documents stating he only had $6,000.00 in his possession. The authorities searched Plaintiff and found an additional $4,300.00 to $4,600.00. Although Plaintiff claims he did not "know" he had the additional money, Plaintiff admits the money was in his own bag and wallet. The Court recognizes Plaintiff's argument that he did not "know" he had the additional money on him, however, Defendant Lovett interviewed Plaintiff who stated that he signed documents indicating he only had $6,000.00 in his possession and when searched that turned out to be untruthful. The facts within Defendant Lovett's knowledge were sufficient to "warrant a reasonable person to believe an offense ha[d] been committed." *Harvard v. Cesnalis*, 973 F.3d 190, 200 (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995.) Therefore, based on the facts presented by Plaintiff, there was probable cause for Defendant Lovett to arrest Plaintiff and the false arrest/false imprisonment claims are dismissed without prejudice.

Plaintiff also states he is raising claims for false arrest/false imprisonment against the Federal Bureau of Investigation ("F.B.I."). A civil rights claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971). *Bivens* is the federal corollary to § 1983. *See* 403 U.S. at 410. The United States and its agencies are generally immune from liability unless their sovereign immunity is expressly waived. *United States v. Mitchell (I)*, 445 U.S. 535, 538 (1980). A waiver of sovereign immunity cannot be implied but must be unequivocally expressed. *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)).

It is well settled that governmental entities are not "persons" and, therefore, are not proper defendants in a federal civil rights action. *Hindes v. F.D.I.C.*, 137 F.3d 148, 159 (3d Cir. 1998). Moreover, "[i]t is axiomatic that the United States may not be sued without its consent and that

5

the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell (II)*, 463 U.S. 206, 212 (1983). Therefore, plaintiffs may not maintain *Bivens* claims against federal agencies. *F.D.I.C. v. Meyer*, 510 U.S. 471, 485 (1994); *see Albert v. Yost*, 431 F. App'x 76, 81 (3d Cir. 2001) ("A *Bivens* claim can be maintained only against individual federal officers, not against a federal entity."). Accordingly, because the F.B.I is not a "person" and, therefore, is not a proper defendant under either §1983 or *Bivens*, and because the F.B.I. has not waived sovereign immunity, Plaintiff's claims against the F.B.I. are dismissed with prejudice.

For the reasons explained in this Memorandum Opinion, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 in the Third Amended Complaint are dismissed for failure to state a claim for relief and Plaintiff's claims brought against the F.B.I. brought pursuant to *Bivens* are dismissed with prejudice pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff's Second Amended Complaint did not included claims against Defendant Lovett, Plaintiff is provided leave to submit a Fourth Amended Complaint against Defendant Lovett if he can cure the deficiencies noted herein. An appropriate order follows.

Dated: March 8, 2022

                                          */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**