**<u>NOT FOR PUBLICATION</u>**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT A. WOLTER,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL R. LOVETT, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 20-20341 (BRM) (LDW)<br><br>**MEMORADUM OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Robert A. Wolter's ("Plaintiff") motion to amend and file a fourth amended complaint ("Fourth Amended Complaint"). (ECF No. 19.) Wolter is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Previously, the Court dismissed Plaintiff's initial complaint, first amended complaint, and second amended complaint without prejudice for failure to state a claim upon which relief may be granted and closed the case. (*See* ECF Nos. 9, 12, 15.) The Third Amended Complaint was dismissed with prejudice as to the FBI and dismissed without prejudice as to Defendant Lovett. (ECF No. 18.) Plaintiff now seeks to file a fourth amended complaint ("Fourth Amended Complaint"). (ECF No. 19.)

The Court must screen the allegations in Plaintiff's Fourth Amended Complaint pursuant to 28 U.S.C. §1915(e)(2)(B) to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. His proposed Fourth Amended Complaint again fails to state a claim upon which relief may be granted. Therefore, Plaintiff's motion to amend is **DENIED**.

## I.   BACKGROUND

On October 5, 2021, after granting Plaintiff's application to proceed *in forma pauperis*, the court screened Plaintiff's Complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B). (*See* ECF No. 9.) As relevant here, the Court dismissed the claims against Defendant agent Michael Lovett without prejudice for failure to state a claim for relief and permitted Plaintiff to file an Amended Complaint if he could cure the deficiencies in his claims against Defendant Lovett. (*Id.*)

On October 22, 2021, Plaintiff filed a letter with proposed amendments to his Complaint. (ECF No. 11.) On November 8, 2021, the Court denied Plaintiff's request to amend his Complaint, finding Plaintiff failed to file one all-inclusive amended complaint. (*See* ECF No. 12.) The Court permitted Plaintiff to file a second all-inclusive amended complaint. (*Id.*)

Plaintiff's Second Amended Complaint was docketed on December 14, 2021. (ECF No. 13.) Plaintiff raised claims against Tracey Anne Agnew and James Michael Donnelly. (*Id.*) On January 3, 2022, the Court dismissed the Second Amended Complaint for failing to state a claim upon which relief could be granted. (*See* ECF No. 14.) The Court provided Plaintiff with leave to file a Third Amended Complaint against Defendants Agnew and Donnelly so that he could attempt to cure the deficiencies noted by the Court. (*Id.*)

On February 15, 2020, Plaintiff filed a letter to amend his Second Amended Complaint and attached a Third Amended Complaint. (ECF No. 16.) Plaintiff's Third Amended Complaint named Michael R. Lovett and the Federal Bureau of Investigations ("F.B.I.") as Defendants. (*Id.*) On March 8, 2022, the Court dismissed the Third Amended Complaint for failing to state a claim upon which relief could be granted. (*See* ECF No. 17.) Because Plaintiff's Second Amended Complaint did not include claims against Defendant Lovett, the Court provided Plaintiff leave to submit a

Fourth Amended Complaint against Defendant Lovett so that he could attempt to cure the deficiencies noted by the Court. (*Id.*)

On April 26, 2022, Plaintiff filed a motion to amend and attached his proposed Fourth Amended Complaint. (ECF No. 19.) Plaintiff's proposed Fourth Amended Complaint indicates he is including "all prior language in all prior submission having to do with false arrest and false imprisonment." (*Id.* at 12.)

The allegations in Plaintiff's proposed Fourth Amended Complaint are construed as true for the purposes of screening. Plaintiff again raises a false arrest/imprisonment claim against Defendant Lovett. (*See id.*)

Plaintiff seeks to incorporate the facts relevant to his instant claim from his prior amendments. As such, the Court incorporates the summary of Plaintiff's allegations from the Court's March 8, 2022, Memorandum Opinion. The Court summarized Plaintiff's allegation as follows:

> Plaintiff alleges on February 5, 2019 he was detained for three hours at Newark Liberty International Airport by airport law enforcement during a border check search. ([ECF No. 16] at 2.) Plaintiff submits the following:
>
>> At issue was [Plaintiff] possessing around $10,600 of undeclared cash while crossing an international border. Before the search [Plaintiff] told the law enforcement [he] thought [he] had around $6,000 of case in one bag, but that [he] did [not] know the exact amount, [he] then signed a form stating that [he] had $6,000. Law enforcement then searched both [of Plaintiff's] carry-on bags and [his] wallet. In [Plaintiff's] original "one bag" it seemed there was around $6,000, in [his] second carry-on bag it seemed there was about $4,000, and in [his] wallet there was around $300 to $600. [Plaintiff] made it clear that [he] did not know about the money in [his] "second carry-on bag" and that [he] was not aware [they] were also going to count the few hundred

> dollars in [his] wallet. Airport law enforcement on scene then determined that sufficient probable cause to arrest [Plaintiff] did not exist, pres[]umably because one essen[t]ial element of the crime of Bulk Cash Smuggling is that you must "knowingly" possess more than $10,000, and multiple facts indicated that [he] did not know that [he] was possessing more than $10,000.

(*Id.*)

> Plaintiff submits on February 6, 2019, Defendant Lovett, in his capacity working for the F.B.I, questioned Plaintiff and gained no new evidence. (*Id.* at 3.) Plaintiff only spoke with Defendant Lovett for about five minutes regarding the "details from the day before," and "refused to repeat himself. (*Id.*) Plaintiff submits he told Defendant Lovett that he did not "knowingly" possess more than $10,000.00. (*Id.*) Plaintiff submits that he told Defendant Lovett that he signed a paper at the ticket booth and boarding gate stating he only had $6,000.00. (*Id.*) Plaintiff was then "falsely arrested by [Defendant] Lovett, without an arrest warrant" and "taken to an underground FBI interrogation room where [he] refused to speak further on anything concerning the day before." (*Id.* at 3–4.) He was then transferred and held overnight until his "bulk cash smuggling arraignment." (*Id.*)

(ECF No. 17 at 2–3.)

The Fourth Amended Complaint submits few new allegations. Plaintiff submits that, when Defendant Lovett questioned him in the "mental health ward," he had "prior knowledge" of the "$10,000 and the night before." (ECF No. 19 at 14.) Plaintiff further contends that Defendant Lovett knew the officers decided not to arrest Plaintiff the night prior. (*Id.*) The Fourth Amended Complaint submits Defendant Lovett was excited to arrest him and describes the Defendant as giddy. (*Id.* at 15–16.) Plaintiff appears to argue he was a committed psych patient at the time Defendant Lovett questioned him. (*Id.* at 17.) Plaintiff argues Defendant Lovett acted "off the

words" of Plaintiff, rather than the officers who choose not to arrest Plaintiff the night before.[1]
(*Id.*)

## II.   LEGAL STANDARD

### A. Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66
to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions
in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress
against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with
respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte*
dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be
granted, or seeks monetary relief from a defendant who is immune from such relief. This action is
subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because
Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers
'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

---

[1] Plaintiff claims his motion to amend was delayed due to conditions of his confinement and
potential threats against him. (*See* ECF No. 19 at 1–5.) It is unclear if Plaintiff presents this
information strictly in support of his request that the Court accept his untimely motion, or if
Plaintiff is raising these facts as potential §1983 claims. If Plaintiff is attempting to raise claims
related to these facts, the Court will not consider them for the purposes of this Memorandum
Opinion. These facts would essentially allege a new action against new defendants with new claims
arising out of a set of operative facts that are unrelated to the factual claims in the original or
Amended Complaints. Rule 15(c) requires "a common core of operative facts in the two
pleadings." *Anderson v. Blondex Int'l, Inc.*, 552 F. App'x 153, 157 (3d Cir. 2014) (quoting *Bensel
v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004)). As such, new claims and/or allegations
"relate back if they 'restate the original claim with greater particularity or amplify the factual
circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding
pleading.'" *Id.* (quoting *Bensel*, 387 F.3d at 310). The facts relating to Plaintiff's current detention
situation do not "relate back" to his original complaint and will not be considered here.

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Motion to Amend**

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." However, a motion to amend the complaint may be denied where there is undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.

*See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted). "In assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (citations omitted).

### III.   DECISION

The Court again construes Plaintiff to assert claims pursuant to 42 U.S.C. § 1983 against Defendant Lovett in his personal capacity for false arrest and false imprisonment. As explained in the Court's prior Opinion, to state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." (ECF No. 17 at 3 (citing *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012)). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002) (citing *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964)).

As the Court of Appeals for the Third Circuit observed:

> Whether that [warrantless] arrest was constitutionally valid depends in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.

*United States v. Kithcart*, 134 F.3d 529, 531 (3d Cir. 1998) (quoting *Beck*, 379 U.S. at 91); *see also Mosley v. Wilson*, 102 F.3d 85, 94–95 (3d Cir. 1996).

A claim for false imprisonment arises when a person is arrested without probable cause and is subsequently detained pursuant to that unlawful arrest. *See Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (per curiam) (citing *Groman*, 47 F.3d at 636). Therefore, a claim of false imprisonment in this context is derivative of a claim for arrest without probable cause. *See Johnson v. Camden Cnty. Prosecutors' Office*, No. 11–3588, 2012 WL 273887, at 4 n.2 (D.N.J. Jan. 31, 2012) (citing *Groman*, 47 F.3d at 636).

The Court previously addressed Plaintiff's claim and dismissed it based on the following reason:

> Based on the information provided in Plaintiff's Third Amended Complaint the Court finds the facts pled by Plaintiff show Defendant Lovett had probable cause to arrest him. Based on Plaintiff's own admissions he signed two documents stating he only had $6,000.00 in his possession. The authorities searched Plaintiff and found an additional $4,300.00 to $4,600.00. Although Plaintiff claims he did not "know" he had the additional money, Plaintiff admits the money was in his own bag and wallet. The Court recognizes Plaintiff's argument that he did not "know" he had the additional money on him, however, Defendant Lovett interviewed Plaintiff who stated that he signed documents indicating he only had $6,000.00 in his possession and when searched that turned out to be untruthful. The facts within Defendant Lovett's knowledge were sufficient to "warrant a reasonable person to believe an offense ha[d] been committed." *Harvard v. Cesnalis*, 973 F.3d 190, 200 (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995.) Therefore, based on the facts presented by Plaintiff, there was probable cause for Defendant Lovett to arrest Plaintiff and the false arrest/false imprisonment claims are dismissed without prejudice.

(ECF No. 17 at 4–5.)

Plaintiff fails to provide any additional fact that would change the Court's previous analysis. The facts alleged by Plaintiff continue to support a finding that Defendant Lovett had probable cause to arrest Plaintiff. Therefore, Plaintiff's Fourth Amended Complaint fails to state claim for relief.

## IV.    CONCLUSION

Given that Plaintiff's Fourth Amended Complaint fails to state a claim upon which relief can be granted, the filing of a Fourth Amended Complaint would be futile, and his motion to amend is **DENIED**. Plaintiff has had four opportunities to file a complaint that sufficiently states a claim and has failed to do so. As such, Plaintiff is no longer granted leave to file an amended complaint. An appropriate order follows.

Dated:  September 14, 2022

                                                         */s/ Brian R. Martinotti*
                                                        **HON. BRIAN R. MARTINOTTI**
                                                        **UNITED STATES DISTRICT JUDGE**